IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| VERMAN OHARO, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 310-086 |
| | ) | |
| WALT WELLS, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, a federal inmate currently incarcerated at McRae Correctional Facility in McRae, Georgia, brought the captioned petition under 28 U.S.C. § 2241. For the following reasons, the Court **REPORTS** and **RECOMMENDS** that the petition be **DISMISSED** and that this civil action be **CLOSED**.[1]

### I.    BACKGROUND

Following a jury trial, Petitioner was convicted in the United States District Court for the Eastern District of New York of conspiring to import heroin, in violation of 21 U.S.C. § 841(a)(1). (Doc. no. 1, pp. 1-2.) On August 11, 1998, he was sentenced to 235 months of imprisonment, followed by five years of supervised release. (Id. at 2.) According to Petitioner, his sentence was enhanced because of the sentencing judge's determination as to

---

[1] As "it appears from the application that the applicant or person detained is not entitled" to the relief he seeks, the Court now makes its recommendation without directing the Government to respond to the instant petition. 28 U.S.C. § 2243.

the quantity of drugs involved in the commission of his crime – six kilograms of heroin. (Id. at 6.)

Plaintiff did not appeal his conviction, but in 2000 he filed a motion for relief pursuant to 28 U.S.C. § 2255, arguing that he had received ineffective assistance of counsel. (Id. at 4.) That § 2255 motion was denied, as were several other such motions that Petitioner subsequently filed. (Id.)

In the petition currently before the Court, Petitioner seeks relief pursuant to 28 U.S.C. § 2241. Petitioner is now attempting to invoke § 2241 via the "savings clause" of 28 U.S.C. § 2255, arguing that § 2255 is "inadequate or ineffective to test the legality of his detention." (Id.) Petitioner's basis for invoking the savings clause is a challenge to the legality of his sentence in light of the recent Supreme Court decision in United States v. O'Brien, 560 U.S. ___, 130 S. Ct. 2169 (2010).² In particular, Petitioner contends that his sentence was improperly enhanced based the sentencing judge's determination as to the quantity of drugs involved in the commission of his crime. (Id. at 6.) According to Petitioner, the quantity of drugs involved was an element of his offense that should have been charged in an indictment

---

²In O'Brien, the only statute at issue was 18 U.S.C. § 924(c), which relates to the criminal offense of using or carrying firearms during and in relation to a crime of violence or a drug trafficking crime. See 130 S. Ct. at 2176. The Court held that the "machinegun provision" of that statute, which mandates a 30-year minimum sentence for the use of a machinegun in relation to the commission of the relevant crimes, constitutes an element of an offense, not a sentencing factor. Id. at 2180. Because an element of an offense, unlike a sentencing factor, must be charged in an indictment and proved to a jury beyond a reasonable doubt, the Supreme Court concluded that application of the sentencing increase mandated by the machinegun provision is only appropriate if the fact that a firearm is a machinegun is proved to a jury beyond a reasonable doubt, rather than proved to a judge at sentencing by a preponderance of the evidence. Id. at 2174, 2180.

2

and found by a jury beyond a reasonable doubt, rather than by a judge at sentencing based on a preponderance of the evidence. (Id.) Petitioner also asserts, without elaboration, that his claim warrants relief under § 2241 in light of the Eleventh Circuit's decision in Gilbert v. United States, 609 F.3d 1159 (11th Cir. 2010), *vacated*, 2010 U.S. App. LEXIS 23357 (11th Cir. Nov. 3, 2010).

## II. DISCUSSION

The instant petition was filed pursuant to 28 U.S.C. § 2241, which provides the means for a prisoner to challenge the execution of his sentence. Here, however, it is clear that Petitioner is attacking the validity of his sentence because he claims that his sentence was enhanced pursuant to an improper judicial determination. Therefore, the Court must consider whether relief under § 2241 is available.

"Typically, collateral attacks on the validity of a federal sentence must be brought under § 2255." Darby v. Hawk-Sawyer, 405 F.3d 942, 944-45 (11th Cir. 2005) (*per curiam*). As Petitioner has previously filed a § 2255 motion, "he must apply for and receive permission from [the appropriate Court of Appeals] before filing a successive § 2255 motion." Id. at 945; see also 28 U.S.C. §§ 2255(h) & 2244(b)(3)(A). Also of note, § 2255 motions are subject to a one-year statute of limitations. 28 U.S.C. § 2255(f).

In the instant case, Petitioner has attempted to avoid these requirements by filing a petition under § 2241. However, a federal prisoner may only resort to § 2241 for the type of relief sought here upon a showing that "the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention." Id. § 2255(e). Under Eleventh Circuit law,

3

the circumstances under which a federal prisoner may invoke the so-called "savings clause" of § 2255 are tightly circumscribed.

First, a prisoner may not use the savings clause simply to circumvent the restrictions on filing second or successive motions. Wofford v. Scott, 177 F.3d 1236, 1245 (11th Cir. 1999). In other words, "the mere fact that relief under § 2255 is procedurally barred is not alone sufficient to make § 2241 an available remedy." Bridges v. Vasquez, 151 F. Supp.2d 1353, 1360 (N.D. Fla. 2001). Rather,

> [t]he savings clause only applies to "open a portal" to a § 2241 proceeding when (1) the "claim is based upon a retroactively applicable Supreme Court decision; (2) the holding of that Supreme Court decision establishes the petitioner was convicted for a non-existent offense; and, (3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised."

Darby, 405 F.3d at 945 (quoting Wofford, 177 F.3d at 1244). "To prove an offense is non-existent, a petitioner must show he was imprisoned for conduct that was not prohibited." Id. (citing Sawyer v. Holder, 326 F.3d 1363, 1366 (11th Cir. 2003)). "Once the savings clause of § 2255 applies to open the portal to a § 2241 proceeding, the proper inquiry in that § 2241 proceeding will be whether the petitioner can establish actual innocence of the crime for which he has been convicted.'" Wofford, 177 F.3d at 1244 n.3.

Here, Petitioner is not entitled to relief because he has not satisfied the test set forth above, all three prongs of which must be met before the savings clause of § 2255 can "open the portal" to § 2241 relief. Though he has cited the Supreme Court's decision in O'Brien, he has not shown that decision applies retroactively. See Tyler v. Cain, 533 U.S. 656, 662 (2001) (finding that newly recognized right is retroactive only if the Supreme Court has held

4

that the new rule is retroactively applicable to cases on collateral review). Petitioner has not cited, and the Court is not aware of, any authority recognizing the rule from O'Brien as retroactively applicable.

Moreover, the holding of O'Brien does not establish that Petitioner was convicted for a non-existent offense. O'Brien concerns 18 U.S.C. § 924(c), which involves the offense of using or carrying firearms during and in relation to a crime of violence or a drug trafficking crime. See 130 S. Ct. at 2176. Petitioner, on the other hand, states that he was convicted of conspiring to import heroin under 21 U.S.C. § 841(a)(1). (Doc. no. 1, p. 2.) Presumably, Petitioner intends to analogize his case to O'Brien by suggesting that the drug quantity determination made during his sentencing is akin to the machinegun determination that the O'Brien Court held to be an element of an offense rather than a sentencing factor. See id. at 1280. This argument is flawed in several respects.

Initially, the second prong of the Eleventh Circuit's savings clause test involves only the narrow inquiry of whether "a Supreme Court decision has changed the law of a circuit in such a way that a prisoner stands convicted for a nonexistent offense . . . ." Wofford, 177 F.3d at 1244. A Supreme Court decision such as O'Brien that does not even address the crime of which Petitioner was actually convicted does not satisfy this inquiry. See id. In addition, Petitioner has not shown that "he was imprisoned for conduct that was not prohibited," which is required to show an offense is non-existent. Darby, 405 F.3d at 945. The prohibited nature of the conduct for which Petitioner was imprisoned – conspiring to import drugs – was in no way called into question in O'Brien. Furthermore, unlike the machinegun provision at issue in O'Brien, drug quantity is a sentencing factor that must only

be proved to the sentencing judge by a preponderance of the evidence. See United States v. Mertilus, 111 F.3d 870, 873 (11th Cir. 1997).

Petitioner's citation to Gilbert v. United States, 609 F.3d 1159 (11th Cir. 2010), is likewise insufficient to invoke the savings clause of § 2255, as that case was decided by the Eleventh Circuit, not the Supreme Court, and has been vacated for the purpose of holding a rehearing *en banc*. See Gilbert, No. 09-12513, 2010 U.S. App. LEXIS 23357 (11th Cir. Nov. 3, 2010).

As Petitioner cannot satisfy three-prong test set forth in Wofford, the savings clause does not apply. Consequently, the instant petition should be denied.

### III. CONCLUSION

For the reasons stated above, the Court **REPORTS** and **RECOMMENDS** that the instant petition be **DENIED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Respondent.

SO REPORTED and RECOMMENDED this 7th day of December, 2010, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE