# ORIGINAL

FILED
U.S. DISTRICT COURT

20!! JAN 19 P 12: 21

CLERK: *B McCarthy*

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| VERMAN OHARO, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 310-086 |
| | ) | |
| WALT WELLS, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed (doc. no. 5). Petitioner commenced this case pursuant to 28 U.S.C. § 2241, but sought to challenge the validity, rather than the execution, of his sentence. (See doc. no. 1.) The Magistrate Judge recommended dismissal of the petition because Petitioner failed to meet the requirements for invoking the "savings clause" of 28 U.S.C. § 2255, which is necessary for Petitioner to challenge the validity of his sentence under § 2241. See 28 U.S.C. § 2255(e); Wofford v. Scott, 177 F.3d 1236, 1245 (11th Cir. 1999).

In his objections, Petitioner raises a variety of meritless and irrelevant allegations against the Magistrate Judge and the United States district judge who imposed the sentence that Petitioner is currently serving. For example, Petitioner asserts that the Magistrate Judge "misled this Court to believe that [Petitioner] did not appeal his sentence." (Doc. no. 5, p. 2.) First, this assertion is incorrect. The Magistrate Judge indeed stated in the R&R that

"Petitioner did not appeal his conviction . . . ." (Doc. no. 3, p. 2.) This statement appears to be based on Petitioner's response to the entry on the form Petitioner used to file his petition in which, in response to the question "Did you appeal from the judgment of conviction or the imposition of sentence?," he answered "No." (Doc. no. 1, p. 2.) Moreover, this objection is irrelevant, as the Magistrate Judge's recommendation was not based in any way on the question of whether Petitioner filed a direct appeal of his conviction or sentence. Petitioner's remaining objections – the majority of which consist of baseless accusations of fraud and criminality on the part of Petitioner's sentencing judge – are likewise without merit, and present no basis for departing from the Magistrate Judge's conclusions. Petitioner's objections are therefore **OVERRULED**.

Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, the petition filed pursuant to § 2241 is **DISMISSED**, and this civil action is **CLOSED**.

SO ORDERED this 11 day of January, 2011, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE